UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-20377

SYLVIA CABRERA,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____ /

**COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY**

    Plaintiff, SYLVIA CABRERA ("Plaintiff"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION ("Defendant"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

    1.    Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

    2.    This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

    3.    This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

    4.    Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

5. Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp.*, 22 So. 3d 561,562 (Fla. 3d DCA 2008).

6. Plaintiff is *sui juris* and is a resident and citizen of Texas.

7. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

8. Defendant is a citizen of the State of Florida.

9. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

10. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

11. At all times material hereto, Defendant, CARNIVAL, owned, operated, managed, maintained, and/or controlled the vessel, the Carnival *Valor*.

12. On or about November 14, 2018 Plaintiff was a lawfully fare paying passenger aboard Defendant's cruise ship vessel, the Carnival *Valor*.

13. The Plaintiff was descending the stairs to the disembarkation area of the ship in a normal and proper manner when an oily and/or slippery substance caused her to lose her balance and fall. As a result of the fall, the Plaintiff suffered traumatic injuries that included, but are not limited to, a fractured ankle that required surgical repair.

14. At all times relevant, the stairway, the handrail, as well as the area surrounding the stairway, was unreasonably dangerous, risk-creating, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

15. This area lacked adequate safety features to prevent Plaintiff's fall.

16. These hazardous conditions were known, or should have been known, to Defendant in the exercise of reasonable care.

17. These hazardous conditions existed for a period of time before the incident.

18. These conditions were neither open nor obvious to Plaintiff.

19. Nevertheless, at all times relevant, Defendant failed to adequately inspect the area of Plaintiff's incident for dangers prior to her fall.

20. At all times relevant, Defendant failed to adequately inspect the stairs and/or handrails located in the stairway area to ensure that they were reasonably safe, and in a reasonably safe condition.

21. At all times relevant, Defendant failed to eliminate the hazard(s).

22. At all times relevant, Defendant failed to properly maintain this area.

23. At all times relevant, Defendant failed to maintain the handrails attached to the stairways located on the ship.

24. At all times relevant, Defendant participated in the design and/or approved the design of the ship's stairways, handrails, as well as the area surrounding the stairways.

25. At all times relevant, Defendant participated in the installation and/or approved the installation of the handrails and/or the stairwells located on the ship.

26. At all times relevant, Defendant failed to properly train and supervise its crew.

## COUNT I
## NEGLIGENCE

27. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 26 as is set forth herein.

28. The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

29. Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous, risk-creating, and hazardous conditions that passengers, including the Plaintiff, will likely encounter.

30. Such duties also include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

31. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

32. At all times material, the Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to keep and maintain the stairways, and the adjacent areas, including the handrails, in a reasonably safe condition, so as to help prevent hazards to its passengers; and/or

b. Failing to inspect, clean, keep and maintain the area, including the handrails, in a reasonably safe condition; and/or

c. Failing to install proper and reasonable safeguards to prevent passengers from being injured when using the subject area; and/or

d. Installing handrails on Defendant's vessel that was inherently and unreasonably dangerous for passengers to use;

e. Failing to take proper precautions for the safety of passengers entering or exiting the subject area; and/or

f. Failing to warn Plaintiff of the risk-creating conditions of the stairways and the handrails; and/or

g. Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of the stairways, including the handrails; and/or

h. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant; and/or

i. Failing to adequately train its crew to keep its stairways, and the adjacent areas, including the handrails, free of hazards; and/or

j. Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, repair, clean, and maintain the area of the ship where Plaintiff's incident occurred, and Defendant knew or should have known that this ship was inadequately staffed; and/or

k. Failing to treat its handrails to prevent them from becoming unreasonably slippery, sticky, or otherwise unreasonably dangerous; and/or

l. Failing to treat its stairways to prevent them from becoming unreasonably slippery, sticky, or otherwise unreasonably dangerous; and/or

m. Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence; and/or

n. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

o. Failing to properly and safely instruct passengers using the subject area of the risks involved; and/or

p. Failing to recognize the inherent risks involved with the use of wet and/or dirty handrails;

q. Failing to warn Plaintiff and other passengers of prior similar incidents; and/or

r. Failing to respond adequately to prior similar incidents and take corrective measure; and/or

s. Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

33. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

34. Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

35. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity

for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money.

36. The losses are either permanent or continuing in nature.

37. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE**, Plaintiff, SYLVIA CABRERA, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, SYLVIA CABRERA, demands trial by jury on all issues so triable.

**Dated:** January 29, 2019.

Respectfully submitted,

*/s/ Raul G. Delgado II*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Raul G. Delgado II, Esq.**
Florida Bar No.: 94004
rdelgado@aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
**Matthias M. Hayashi**
Florida Bar No.: 115973
mhayashi@aronfeld.com
ARONFELD TRIAL LAWYERS
3132 Ponce de Leon Boulevard
Coral Gables, Florida 33134
P:   (305) 441.0440
F:   (305) 441.0198
***Attorneys for Plaintiff***